UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILFRED MACDONALD KING,

                 Plaintiff,

v.

UNITED STATES OF AMERICA,

                 Defendant.

**MEMORANDUM AND ORDER**

16-CV-2565 (LDH) (RER)

LaSHANN DeARCY HALL, United States District Judge:

    Plaintiff asserts claims pursuant to the Federal Tort Claims Act ("FTCA") against Defendant United States of America.[1] Specifically, Plaintiff claims false arrest and imprisonment, malicious prosecution, and negligence arising out of his arrest and prosecution for illegal reentry into the United States. (*See* Sec. Am. Compl. ("SAC"), ECF No. 33.) Defendant moves pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for dismissal of Plaintiff's claims. (Mem. Law Supp. Defs.' Mot. Dismiss Alt. Summ. J. ("Defs.' Mem.") 1, ECF No. 64-1.) In the alternative, Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[2] (*Id.*)

## BACKGROUND[3]

    Plaintiff Wilfred Macdonald King is a resident of Staten Island, NY, and a citizen of Trinidad and Tobago. (SAC ¶ 11.) On or about January 30, 1992, Plaintiff was removed from

---

[1] On May 21, 2019, Plaintiff notified Defendants that he intended to dismiss his *Bivens* claims against all individually named agents. (ECF No. 62.) Accordingly, on May 28, 2019, the Court dismissed these claims with prejudice, leaving only the FTCA claims against Defendant remaining.

[2] The Court declines to consider Defendant's Rule 56 Motion.

[3] The following facts are taken from the complaint and the parties' affidavits and exhibits and, unless otherwise indicated, are assumed to be true for the purpose of this memorandum and order.

the United States. (*Id.* ¶ 18.) He re-entered the United States less than two years later. (*Id.* ¶ 19.) In 1996, Plaintiff was interviewed by the Federal Bureau of Investigation ("FBI") and an Assistant United States Attorney related to an incident in which Plaintiff was shot. (*Id.* ¶¶ 22–23, 36.) Plaintiff subsequently testified before a federal grand jury concerning the same incident. (*Id.* ¶¶ 24, 36.)

Years later, on May 12, 2012, Plaintiff was stopped by New York Police Department ("NYPD") officers while driving in Staten Island. (*Id.* ¶¶ 28–29.) He was arrested and charged with Criminal Sale of a Controlled Substance in the Third Degree in violation of New York State Law. (Pl.'s Opp. Mem. of Law ("Pl.'s Opp."), Ex. 1, Aff. and Compl. in Supp. of Arrest Warrant ¶ 2, ECF No. 61.) On June 21, 2012, an affidavit and complaint in support of an arrest warrant was sworn out against Plaintiff before Magistrate Judge Go in the Eastern District of New York for illegal reentry into the United States in violation of federal law. (SAC. ¶ 35; Pl.'s Opp., Ex. 1.) According to Plaintiff, officers and agents intentionally omitted information about Plaintiff's prior interactions with law enforcement in swearing the complaint. (*Id.* ¶ 36.) This information would have shown that his charge for illegal reentry was time-barred because the statute of limitations had run. (*Id.* ¶¶ 62, 68–69.)

On July 25, 2012, a federal grand jury returned a one-count indictment against Plaintiff for illegal reentry into the United States. (*Id.* ¶ 60.) Plaintiff alleges that federal prosecutors omitted information about his prior interactions with law enforcement in presenting their case to the grand jury. (*Id.* ¶¶ 36, 62.)

Plaintiff pleaded guilty to the charge of illegal reentry. (*Id.* ¶¶ 63, 65.) Prior to Plaintiff's sentencing, he received the records of his interviews with the FBI and the U.S. Attorney's Office, as well as records of his grand jury testimony. (*Id.* ¶ 68.) Plaintiff then moved to dismiss

the indictment based on alleged violations under *Brady v. Maryland*, 373 U.S. 83 (1963). (*Id.* ¶ 69.) In response, the government made a motion to dismiss the charge against Plaintiff, which was granted by the court. (*Id.* ¶ 75.) Plaintiff was released from confinement on July 22, 2013, where he had been for 13 months. (*Id.* ¶ 76.)

On July 13, 2015, Plaintiff filed an FTCA claim with the Office of the General Counsel in Washington D.C. and the New York Field Office for U.S. Immigrations and Customs Enforcement. (*Id.* ¶ 8.) The instant action followed.

## STANDARD OF REVIEW[4]

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of establishing beyond a preponderance of the evidence that subject-matter jurisdiction exists. *Id.* "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[ ].'" *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[4] Plaintiff is currently representing himself *pro se*. However, he filed his complaint with the assistance of representation, (*see* SAC at 33), so he is not entitled to a liberal construction of his pleadings. *C.f. Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (noting that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

(2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

## DISCUSSION

### I. Negligence

By his negligence claim, Plaintiff alleges that Defendant, through its agents: (1) failed to exercise due diligence in its investigation of Plaintiff; (2) failed to present exculpatory information to the United States Magistrate Judge or the prosecutors; (3) failed to intervene as other agents intentionally, recklessly or negligently failed in their duties; (4) failed to properly supervise and review the negligent behavior of its agents; (5) failed in their duty to exercise reasonable care in the performance of their professional responsibilities; (6) failed to exercise reasonable care in the arrest, incarceration, and detention of Plaintiff; and (7) failed to exercise reasonable care with respect to agents' testimony before the grand jury. (SAC ¶ 112.) Taken together, Plaintiff's allegations can be fairly characterized as a claim for "negligent investigation." *Gonzalez v. United States*, No. 16-CV-1494 (KAM), 2018 WL 1597384, at *6 (E.D.N.Y. Mar. 31, 2018) ("Plaintiff's basis for asserting negligence against the United States appears to be that defendants negligently investigated him, resulting in his arrest and his prosecution, which was ultimately dismissed as time barred."). Defendants argue that this claim is not cognizable under law. (Reply Mem. Law Supp. Defs.' Mot. Dismiss ("Defs.' Reply") 5,

ECF No. 64-4.) The Court agrees.

The FTCA provides a cause of action against the United States for any "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *see also id*. § 2674. In other words, "a plaintiff's cause of action [under the FTCA] must be comparable to a cause of action against a private citizen recognized in the jurisdiction where the tort occurred." *Watson v. United States*, 865 F.3d 123, 134 (2d Cir. 2017) (quoting *McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016)). This is referred to as the "private analogue requirement." *Id.* Of particular relevance here, the claim of "negligent investigation" was recently addressed by the Second Circuit in *Watson*. There, the Court held that because "[u]nder New York law, a plaintiff may not recover under general negligence principles for a claim that law enforcement officers failed to exercise the appropriate degree of care in effecting an arrest or initiating a prosecution," a claim of negligent investigation is not cognizable under the FTCA. *Watson*, 865 F.3d at 134–135 (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994). The holding in *Watson* is applicable here. Thus, the Court lacks subject-matter jurisdiction over Plaintiff's first claim, and it must fail.

**II.      False Arrest and Imprisonment**

Plaintiff also presses claims for false arrest and false imprisonment. (SAC ¶ 87.) Defendant argues that Plaintiff's claims are time barred as a matter of law. (Defs.' Mem. 18–19.) Here again, the Court agrees. By statute, any FTCA claim must be presented administratively to the appropriate federal agency within two years after such claim accrues. *See* 28 U.S.C. §§ 2401(b), 2675(a). Plaintiff filed his administrative claim on July 13, 2015. (SAC ¶

5

8.) Thus, to be timely, the false arrest claim and the false imprisonment claim each must have been presented within two years of their respective accrual dates.

The statute of limitations on a false arrest claim accrues from the date of the arrest and detention. *Appolon v. United States*, No. 16-CV-2275 (SJ) (SMG), 2018 WL 461241, at *1 (E.D.N.Y. Jan. 18, 2018), *appeal withdrawn*, No. 18-364, 2018 WL 3825288 (2d Cir. May 14, 2018). Plaintiff was arrested by federal agents on June 27, 2012. (SAC ¶¶ 53–54.) Consequently, any FTCA claim predicated upon that arrest had to be filed no later than June 27, 2014. Because Plaintiff's July 13, 2015 filing fell beyond that statutory period by over one year, the false arrest claim is barred.

The same outcome is warranted with regards to Plaintiff's claim for false imprisonment. A claim for false imprisonment begins to accrue "when the alleged false imprisonment ends." *Watson*, 865 F.3d at 130 (quoting *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). To be clear, "false imprisonment is characterized by 'detention *without legal process*,' and 'ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges.'" *Id*. (citing *Wallace*, 549 U.S. at 389) (emphasis in original). "The timeliness of [Plaintiff's false imprisonment] claim therefore depends on when he began to be held pursuant to legal process." *Id.* at 131.

Here, the federal complaint was sworn on June 21, 2012. (Pl.'s Opp., Ex. 1.) This began the start of his being held pursuant to "legal process," which was over two years before he filed is administrative claims in July 2015. (SAC ¶ 8.) Even if one were to argue that his indictment marks the beginning of detention with "legal process," Plaintiff was indicted on July 25, 2012, well over two years before his administrative claims were filed. (Pl.'s Opp., Ex. 4,

6

Indictment, ECF No. 61.) Accordingly, Plaintiff's cause of action as to false arrest and imprisonment are untimely.

### III. Malicious Prosecution

In New York, the elements of malicious prosecution are: "(1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice." *Watson*, 865 F.3d at 134. It follows, therefore, that where a defendant acts with probable cause, a malicious prosecution claim must fail. *See Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003); *see also Watson*, 865 F.3d at 134 ("The existence of probable cause is a complete defense to a claim of malicious prosecution in New York." ). Defendants maintain that such is the case here.

Plaintiff had been removed from the United States in 1992 after an arrest and conviction for an aggravated felony. (Pl.'s Opp., Ex. 1 ¶ 3.) Upon NYPD's arrest of Plaintiff in May 2012, Immigration and Customs Enforcement ("ICE") officials ran a criminal history report which revealed that Plaintiff had been previously removed and had never sought permission to reenter the country. (Pl.'s Opp., Ex. 1 ¶¶ 3,6.) At a minimum, Plaintiff's presence in the United States created a probability or substantial chance that the Plaintiff had engaged in an illegal entry into the Unites States. *See D.C. v. Wesby*, 138 S. Ct. 577, 586 (2018) (finding that probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity" and "is not a high bar.")

In defending against this motion, Plaintiff alleges that, as a matter of law, his prosecution for illegal reentry was time barred by the time of his 2012 arrest because he was "found in" the United States in 1996 when he encountered federal law enforcement, thereby defeating probable cause. (Pl.'s Opp. 2.) It is true that the statute of limitations of five years for an illegal reentry charge begins to run when "authorities both discover the illegal alien in the United States, and

7

know, or with the exercise of diligence typical of law enforcement authorities could have discovered, the illegality of his presence." *United States v. Rivera-Ventura*, 72 F.3d 277, 281–82 (2d Cir. 1995) (citations omitted). However, "the running of the statute of limitations [does] not negate . . . probable cause . . . that criminal activity had occurred[.]"[5] *Gonzalez*, 2018 WL 1597384, at *11. Instead, the statute of limitations is merely a waivable affirmative defense that is neither an element of the crime, nor a necessary component of probable cause. *Id.* (citing, *inter alia*, *United States v. Walsh*, 700 F.2d 846, 855–56 (2d Cir. 1983), *cert. denied*, 464 U.S. 825 (1983)); *see also Simpson v. Town of Warwick Police Dep't*, 159 F. Supp. 3d 419, 438 n.19 (S.D.N.Y. 2016) (citing *Sullivan v. LaPlante*, No. 03 Civ. 359 (OGS), 2005 WL 1972555, at *7 (N.D.N.Y. Aug. 16, 2005), *aff'd by summary order*, 175 F. App'x. 484 (2d Cir. 2006)). In other words, even if the statute of limitations on Plaintiff's illegal reentry claim had run, Defendant's still had probable cause to arrest him. Plaintiff's malicious prosecution claim is dismissed accordingly for failing to state a claim pursuant to Rule 12(b)(6).[6]

---

[5] The rule is not without reason. "'[T]he application of the limitations period is not a clear cut matter in criminal prosecutions' and, considering that 'a police officer has limited training in the law, requiring him to explore the ramifications of the statute of limitations affirmative defense [prior to making an arrest] is too heavy a burden.'" *Johnson v. City of New York*, No. 15-CV-1625 (SMG), 2017 WL 1476139, at *8 (E.D.N.Y. Apr. 24, 2017) (internal quotation marks omitted) (quoting *Sands v. McCormick*, 502 F.3d 263, 269 (3d Cir. 2007)); *accord Pickens v. Hollowell*, 59 F.3d 1203, 1207–08 (11th Cir. 1995) ("The existence of a statute of limitations bar is a legal question that is appropriately evaluated by the district attorney or by a court after a prosecution is begun, not by police officers executing an arrest warrant.").

[6] Plaintiff's malicious prosecution claim is barred, in part, for another reason. The FTCA permits claims for malicious prosecution for claims that rise out of "acts or omissions of investigative or law enforcement officers of the United States Government"—that is "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). Prosecutors are not considered "investigative or law enforcement officers," and therefore the FTCA does not authorize suits for malicious prosecution based their actions. *Bernard v. United States*, 25 F.3d 98, 104–105 (2d Cir. 1994). Here, once the grand jury indicted Plaintiff, "control of the prosecution passed to the prosecutor." *Id.* Thus, to the extent that Plaintiff seeks redress under the FTCA for his indictment and prosecution, his claims fail for lack of subject matter jurisdiction. *See Gonzalez*, No. 2018 WL 1597384, at *8 (dismissing FTCA claims for malicious prosecution on the same grounds).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is GRANTED with respect to Plaintiff's claims for false arrest, false imprisonment and negligence. Defendant's motion to dismiss pursuant to Rule 12(b)(6) is GRANTED with respect to Plaintiff's malicious prosecution claim. Plaintiff's complaint is dismissed in its entirety.

SO ORDERED.

Dated: Brooklyn, New York  
      March 13, 2020

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge